UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHARLES RAY JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>SPRINGFIELD PRISON, (MIKE DURFEE STATE PRISON);<br><br>Defendant. | 4:19-CV-04002-RAL<br><br>ORDER DISMISSING CASE |

On January 8, 2019, Charles R. Johnson filed a pro se action against the "Springfield Prison (Mike Durfee State Prison)," listing the address of the Mike Durfee State Prison in Springfield, South Dakota. Doc. 1. Johnson's stated grounds for filing the case in Federal Court include "conspiracy to deprive of civil rights," "medical malpractice," and "intentional infliction of emotional distress." *Id.*

Johnson also filed a Motion for Leave to Proceed in Forma Pauperis, Doc. 2, indicating that he is indigent. Johnson was not a prisoner at the time he filed the Motion. *See* Docs. 1, 2, 4. There is a two-step screening process with in forma pauperis litigants. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982); *see also Key v Does*, 217 F. Supp. 3d 1006, 1006 (E.D. Ark. 2016). First, district courts must determine whether a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a). *Id.* Second, district courts are to determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *Id.*

This Court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit. 18 U.S.C. § 1915. Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the court's discretion. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). "In forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456 (8th Cir. 2000). Considering the information in the financial affidavit, this Court finds that Johnson has made the requisite financial showing to proceed in forma pauperis.

But the inquiry does not end there. Under § 1915, the court must review the claims in the complaint to determine if they are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who has immunity. *See* 28 U.S.C. § 1915(e)(2)(B). The Supreme Court of the United States has also explained that the screening procedure of § 1915(e)[1] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

"[A]n in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiffs allegations unlikely." *Id.* at 33. Pro se complaints like the one in this case are entitled to a liberal construction. *Atkinson V. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam). Although pro se complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The

---

[1] In its opinion, the Supreme Court referred to 28 U.S.C. § 1915(d). The in forma pauperis statute has since been revised and the former section (d) is now section (e).

2

court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *Id.*

Johnson does not identify the grounds for this Court's jurisdiction. *See* Doc. 1. The Court construes Johnson's complaint as one brought under 42 U.S.C. § 1983. "Section 1983 creates a species of tort liability for the deprivation of any rights, privileges, or immunities secured by the Constitution." *Manuel v. City of Joliet*, 137 S. Ct. 911, 916 (2017) (internal citation omitted). "The essential elements of a constitutional claim under § 1983 are (1) that the defendant acted under the color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *L.L. Nelson Enters., Inc. v. Cty. of St. Louis*, 773 F.3d 799, 805 (8th Cir. 2012) (citing *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009)).

Johnson claims the Springfield Prison failed to order enough chemical to sterilize dental tools. Doc. 1. As a result, Johnson complains that he developed a severe bacterial infection following a surgery. *Id.* at 2.

Under 42 U.S.C. § 1983 only "persons" may be sued for constitutional violations. A state and its agencies sued for monetary relief are not "persons" for purposes of § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 & 70 (1989). The Mike Durfee State Prison in Springfield, South Dakota is an arm of the State of South Dakota, and as such, is not subject to suit under § 1983. *See* SDCL § 1-15-1.2. Thus, Johnson's complaint fails to state a claim on which relief can be granted and must be dismissed. Accordingly, it is

ORDERED that Johnson's Motion to Proceed In Forma Pauperis (Doc. 2) is granted. It is further

ORDERED that Johnson's case is dismissed without prejudice for failure to state a claim. It is further

ORDERED that Johnson's Motion to Electronically File Documents (Doc. 6) is denied.

DATED May 17th, 2019.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE